UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT JAMES HART,                 )
                                   )
              Petitioner           )
                                   )
        v.                         )        2:23-cv-00159-GZS
                                   )
ERIC SAMSON,                       )
                                   )
              Respondent           )

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Petitioner, who is a pretrial detainee in a county jail, seeks habeas relief pursuant to

28 U.S.C. § 2241.  (Petition, ECF No. 1.)  Petitioner alleges he has been deprived of several

constitutional protections in connection with state court criminal proceedings.[1]

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a

petition, the Court must conduct a preliminary review of the petition, and "must dismiss"

the petition "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court."  *See McFarland v. Scott*, 512 U.S.

849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition

that appears legally insufficient on its face. . .").[2]  After a review of Petitioner's request for

habeas relief, I recommend the Court dismiss the petition.

---

[1] Petitioner alleges violations of the Fourth (unlawful search), Fifth (self-incrimination through production of his cell phone), Sixth (failure of counsel to file certain motions), and Eighth (excessive bail) Amendments to the United States Constitution.

[2] Because Petitioner is evidently not in custody pursuant to a state court judgment, it is § 2241, rather than § 2254, that governs the petition.  However, "the § 2254 rules specifically state that they may be applied

**DISCUSSION**

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Petitioner does not assert that the state criminal proceedings have reached a final resolution. To the contrary, Petitioner asserts that he is a pretrial detainee and asks this Court to compel the state court to dismiss the charges against him. (Petition at 1, 7.) The criminal proceedings referenced in the petition are judicial in nature, implicate important state interests associated with the State's administration of its

---

by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

laws, and the state court system affords Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.

"Courts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at \*3 n. 7 (D. Mass. May 16, 2012).  In this case, Plaintiff has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention.  Dismissal, therefore, is appropriate.

### CONCLUSION

Based on the foregoing analysis, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition.  I also recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).[3]

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[3] If the Court adopts the recommendations, Petitioner's motion to proceed without prepayment of fees (Motion, ECF No. 2) will be dismissed as moot.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of April, 2023.

4