UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT JAMES HART, | ) | |
| | ) | |
| Petitioner | ) | |
| v. | ) | 2:23-cv-00159-GZS |
| | ) | |
| ERIC SAMSON, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON MOTION TO AMEND
PETITION FOR WRIT OF HABEAS CORPUS AND
SUPPLEMENTAL RECOMMENDED DECISION AFTER PRELIMINARY
REVIEW**

Following a review of Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2241, I concluded abstention was required under *Younger v. Harris*, 401 U.S. 37 (1971), and recommended the Court dismiss the matter. (Recommended Decision, ECF No. 3.) In response to the recommended decision, Petitioner filed a pleading the court characterized as a motion to amend the petition and an objection to the recommended decision. (Objection; Motion to Amend, ECF No. 4.)

In his filing, Petitioner reiterates and expands upon his substantive claims for relief. I grant the motion to amend. Petitioner's request for habeas relief is amended to include Petitioner's assertions in the motion to amend.

The amendment, however, does not result in a different recommendation. Petitioner alleges claims (e.g., unlawful custodial interrogation, delayed disclosure of exculpatory evidence) he can challenge in the underlying criminal proceeding. Petitioner's amendment

1

also includes conclusory allegations of "bad faith" by Defendants, but Petitioner has failed to allege a plausible factual basis to prevent application of the doctrine of *Younger* abstention. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the reasons articulated in the recommended decision, abstention is still required. Accordingly, I recommend the Court dismiss Petitioner's amended request for habeas relief.

## **NOTICE**

Any objections to the order on the motion to amend shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of April, 2023.